## Salvitti v. Zoning Board of Adjustment (et al., Appellant).

Argued March 12, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Gilbert E. Morcroft,* for appellant.

*Bresci R. P. Leonard,* with him *Royston, Robb, Leonard, Edgecombe, Miller & Shorall,* for appellee.

OPINION PER CURIAM, April 16, 1968:

On March 22, 1966, the Township of Kennedy enacted Ordinance No. 85 which amended its zoning ordinance No. 2 by reclassifying a tract of land 200 feet by 200 feet—(the property in question here)—from Single Family Dwelling District to a Commercial District.

A group of citizens in the township, including Anthony F. Salvitti, the appellee here, appealed Ordinance No. 85 to the Court of Quarter Sessions of Allegheny County which, after preliminary objections filed by the township, dismissed the appeal.

On July 14, 1966, the Boron Oil Company applied for and received a building permit authorizing it to construct a gasoline service station on this 200 foot tract of land. Salvitti appealed from the issuance of the permit to the Zoning Board of Adjustment of Kennedy Township, attacking the amending ordinance as unconstitutional and averring that there was error in the issuance of the permit. After a hearing, the board declared the Ordinance No. 85 constitutional and found that the building permit had been validly issued.

Salvitti then appealed to the County Court of Allegheny County, which remanded the matter to the board of adjustment for further hearing. The board made further findings of fact and again upheld the validity of the Ordinance No. 85 and the building permit. It then submitted the entire record to the county court, which, taking no further testimony, now declared the controverted ordinance unconstitutional and illegal.

This Court allowed certiorari upon petition by the township. The township contends that the county court improperly substituted its views on planning and proper zoning for those of the board of township commissioners and that the court should not have imposed its conclusions on the zoning board of adjustment, contrary to the rule that where no further testimony is taken by the court, the findings and conclusions of the zoning board of adjustment must stand unless the record reveals a flagrant abuse of discretion or error of law. The township contends there was no such abuse of discretion or error of law.

The record indicates an attempt at spot zoning. The 200-foot square area which was reclassified commercial is surrounded by new single family residences and is suited to residential use. There is no commercial use in the surrounding area except a small 2-pump filling station which has existed for 20 years in adjacent Stowe Township. The fact that there are plans to widen a high speed state highway which will terminate directly across from the property in question is not sufficient basis for rezoning property still residential in nature to commercial.

The lower court did not usurp, as the appellant contends, discretion residing within the power of the zoning authorities. The zoning, mandated by the board had no substantial relation to public health, safety, morals or general welfare and was an endeavor to isolate, without reason, a 200-foot square piece of ground from surrounding residential use to a commercial use not necessary to the community. This court said in *Cleaver v. Board of Adjustment*, 414 Pa. 367: "Generally speaking, spot zoning is the arbitrary and unreasonable classification and zoning of a small parcel of land. This small parcel of land is usually set apart or carved out of a surrounding or a large neighboring

tract, with no reasonable justification for the differential zoning."

It is true, as stated by the township, that the size of the property involved is not governing in the determination of whether or not the reclassification constitutes spot zoning. However, as stated in *Mulac Appeal*, 418 Pa. 207, "What is most determinative is whether the parcel in question is being singled out for treatment unjustifiably differing from that of similar surrounding land, thereby creating an 'island' having no relevant differences from its neighbors."

Nothing in the record justifies the creation of the 200-foot square island. Thus, the zoning board's action in affirming the discriminatory classification and allowing a permit for the construction of a gasoline station thereon constituted an arbitrary abuse of the discretion vested in it, and the court below stood well within its authority in reversing that action.

The township complains that the lower court did not, in its opinion, deal specifically with the board's findings. A reading of both the original opinion of the board and its supplemental opinion fails to reveal any material findings of fact other than those facts which the lower court did discuss.

In view of our holding that the court below properly reversed the board's action as an arbitrary exercise of its discretion in that the reclassification constituted spot zoning, we find it unnecessary to discuss the further issues raised by the township.

Order affirmed.